# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Rickey White,<br><br>    Plaintiff,<br><br>v.<br><br>John McReynolds, Department of Veteran Affairs, Board of Veterans Appeals, and Bruce P. Gipe,<br><br>    Defendants. | Case No. 15-CIV-242-RAW |

## OPINION AND ORDER

The Petition in this matter is entitled a "Writ of Habeas Corpus, 2254" and was filed on June 30, 2015 [Docket No. 1]. Plaintiff requests that his VA claim for benefits be returned to the Board of Veteran Appeals for further review. This matter does not request relief pursuant to 28 U.S.C. § 2254 regarding whether Plaintiff "is in the custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A review of Plaintiff's litigation history indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Those prior cases are:

1. *White v. Choctaw County Ct. Clerk*, No. CIV 10-421-RAW (E.D. Nov. 18, 2010) (dismissed as frivolous).

2. *White v. Strubhar*, No. CIV 02-378-FHS-SPS (E.D. Okla. July 24, 2003) (dismissed for failure to state a claim upon which relief can be granted), *appeal dismissed*, No. 03-7090 (10th Cir. Sept. 19, 2003).

3. *White v. Shaw*, No. CIV 93-388-FHS (E.D. Okla. June 7, 1993) (dismissed for failure to state a claim upon which relief may be granted).

One could presume that Plaintiff filed the instant case as a Habeas Corpus action in order to circumvent the court's filing restrictions against Plaintiff, which would require a much greater financial commitment from Plaintiff upon the filing of any new civil action.

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to 28 U.S.C. § 1915A, a court shall review a complaint in a civil action in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. The court shall dismiss a complaint if a plaintiff has raised claims that are legally frivolous or malicious, that fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff attached various documents to his Petition regarding the appeal before the Board of Veterans Appeals ("the Board"). In a letter dated February 11, 2013, the Board indicated that the appeal was remanded (See page 3 of the letter, Docket No. 1, Page 13).

The court has concluded the complaint must be dismissed because this court lacks subject-matter jurisdiction. See Rule 12(h)(3) F.R.Cv.P. The process for adjudication of veterans' disability benefit claims begins when a claimant files a claim for benefits with a regional office of the VA. A claimant may appeal the denial of a benefits claim or other adverse action to the Board of Veterans Appeals ("BVA"). 38 U.S.C. §7104. Those decisions are not subject to judicial review in district courts. 38 U.S.C. §511(a). Instead, claimants may appeal BVA decisions only to the Court of Appeals for Veterans Claims. 38 U.S.C. §7252(a). An aggrieved party may than seek review in the Court of Appeals for the Federal Circuit. 38 U.S.C. §7292(a). The Federal Circuit has exclusive jurisdiction over such appeals. 38 U.S.C. §7292(c). This court accordingly lacks jurisdiction to proceed.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. This matter is hereby dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's Petition for Writ of Habeas Corpus ad Testificandum [Docket No. 2] is deemed moot.
3. Plaintiff's Motion for Preliminary Injunction [Docket No. 3] is deemed moot.
4. Plaintiff's Motion to Compel Discovery [Docket No. 4] is deemed moot.
5. Plaintiff's Motion for Production of Document and Interrogatories [Docket No. 5] is deemed moot.

Dated this 10th day of   July, 2015.

_____
Honorable Ronald A. White
United States District Judge
Eastern District of Oklahoma